COHEN (BAYERQUE v.). See Case No. 1,134.

## Case No. 2,963.

### COHEN v. GRATZ.

[3 Wall. Jr. 379; [1] 4 Pa. Law J. Rep. 52; 6 Pa. Law J. 333.]

Circuit Court, E. D. Pennsylvania. Nov. Term, 1862.

#### PRACTICE—FEIGNED ISSUE—MOTION FOR NEW TRIAL.

1. A motion for a new trial of a feigned issue, directed by a court of chancery, must be heard on the merits of such issue singly, and cannot be affected by the equities arising on the bill and answer.

2. A motion for a new trial of such an issue, must be disposed of before the cause will be heard on bill and answer.

At a former hearing by Grier, J. an issue was directed by the equity side of this court, on exceptions filed to the master's report in the above case, for the purpose of determining the value of certain lands in Union and Columbia counties, Pennsylvania. The jury having found a verdict fixing a specific valuation, a motion was made for a new trial.

Budd & Tilghman, for complainant, urged that on such motion all the equities of the case were opened, and that in hearing it the court would take into consideration the general merits on bill and answer. [Com. v. Judges, 4 Pa. St. 301; Baker v. Williamson, Id. 456.] [2]

Reed & Williams, contra, contended that the motion made for a new trial must be heard and disposed of, before the equities of the whole case will be considered. [3 Daniel, Ch. Pr. 754–757.] [2]

GRIER, Circuit Justice. In hearing the motion for a new trial of this issue, the court will confine itself to the question, whether the verdict of the jury is in conformity with the weight of evidence, and the law, on the particular issue submitted. The motion must be disposed of, and the verdict either confirmed or a new verdict taken and confirmed, before the court will hear the whole merits.

[NOTE. For prior litigations in the state courts between the same parties or their privies, and affecting in some degree the subject-matter

---

[1] [Reported by William H. Crabbe, Esq.]

[1] [Reported by John William Wallace, Esq., and here reprinted by permission.]

[2] [From 6 Pa. Law J. 333.]

of this controversy, see Gratz v. Phillips, 1 Bin. 588; Gratz v. Simon, 3 Bin. 474; Gratz v. Phillips, 5 Bin. 564, 14 Serg. & R. 144, 1 Pen. & W. 333, and 2 Pen. & W. 410; Simon's Ex'rs v. Gratz, Id. 412; Cohen's Appeal, 2 Watts, 175.

[For a case in the supreme court of the United States, reversing a decree of the circuit court for the eastern district of Pennsylvania, for an accounting and conveyance by the executors of Simon Gratz, see Gratz's Ex'rs v. Cohen, 11 How. (52 U. S.) 1.]